UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY L. GIBBS,

        Petitioner,

v.

        CASE NO. 05-CV-71378-DT
        HONORABLE LAWRENCE P. ZATKOFF

ANDREW JACKSON,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

**I.**  **Introduction**

Johnny Gibbs ("Petitioner"), a state prisoner presently confined at the Mound Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for writ of habeas corpus asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of assault with intent to commit murder, armed robbery, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court in 1999. Petitioner was sentenced to life imprisonment on the assault conviction, a concurrent term of 25 to 50 years imprisonment on the robbery conviction, and a consecutive term of two years imprisonment on the felony firearm conviction. In his pleadings, Petitioner raises claims concerning the denial of a continuance and his right to present a defense, the jury instructions, judicial misconduct, the effectiveness of trial and appellate counsel, and his right to an evidentiary hearing. For the reasons set forth below, the Court denies the petition for writ of habeas corpus.

**II.     Facts**

Petitioner's convictions stem from the shooting and armed robbery of Joyce Martin outside her home in Detroit, Michigan at approximately 3:45 a.m. on June 27, 1998. At trial, Ms. Martin testified that as she arrived home from work, a man grabbed her from behind saying, "Come here bitch," and dragged her toward the driveway. Ms. Martin heard the voice of a second man coming from the shadows. A struggle ensued for about 10 minutes. A neighbor, Ms. Betty Mbata, then turned on her porch light. Ms. Martin saw something in the man's hand but could not identify it. Ms. Martin was then shot in the hip. She lost money, bracelets, and her keys during the incident. Ms. Martin identified Petitioner as her attacker at trial and in a photographic array prior to trial.

Ms. Betty Mbata testified that she was awakened by barking dogs and a woman screaming. She turned on her porch light and saw a car speed away.

Detroit Police Officer Stanley Brown testified that he responded to the scene and found Ms. Martin covered in blood. She told him that two men were involved in the incident. Officer Brown found a pager at the scene. Detroit Police Officer James Brown testified that he traced the pager to a company called "Page Tel" and discovered that Petitioner owned the pager.

Dr. Ann Marie Garritano testified that she treated Ms. Martin Grace Hospital for a gunshot wound to the pelvic bone.

When the prosecution rested its case, defense counsel moved for a one-day continuance to secure the presence of two subpoenaed alibi witnesses, Petitioner's girlfriend, Bridget Hopson, and a man named Robert Black. The trial court denied the request, finding that the witnesses were deliberately staying away and that a continuance would inconvenience the court and the jury. The

trial court did, however, grant defense counsel some time to locate the two witnesses, but those witnesses were not produced.

Petitioner testified on his own behalf at trial and denied committing the crime. He presented an alibi defense. Petitioner testified that he and a man named Kevin Latimore went to Bridget Hopson's home at about 2:30 a.m. and Robert Black was on the porch when they arrived. Petitioner claimed that he stayed at the home and permitted Latimore to use his car and his pager so that Petitioner could call him the next day to pick him up. Petitioner claimed that Ms. Hopson and Mr. Black could confirm his alibi. The defense rested.

In rebuttal, the prosecution called Detroit Police Officer Melvin Williams who conducted the photographic array. Officer Williams testified that Kevin Latimore's picture was included in the photographs but was not identified by Ms. Martin when she identified Petitioner as her assailant.

At the close of trial, the trial court instructed the jury on the elements of the charged offenses and other matters. In instructing the jury on armed robbery, the court stated in part:

> Any person who shall assault another person and take and carry way any property or goods, at the time the perpetrator being armed with a dangerous weapon, or article that's used and fashioned in such a way as to lead the person so assaulted to reasonably believe it to be a dangerous weapon shall be guilty of a felony....
>
> An assault is committed by any person who uses force, or threatens or puts a person in fear of bodily harm or death, would be committing an assault....
>
> So, if [you] find, first, that there was an assault, that the complainant was assaulted – the testimony was that she was grabbed. if you consider that she was assaulted, and while she was assaulted that the perpetrator took and carried away property that belonged – the property of any value, whatsoever – took property that belonged to the complainant....

The trial court instructed the jury on felony firearm, but did not provide an instruction in the definition of a firearm.

3

In instructing the jury on unanimity, the Court stated in relevant part:

The verdict has to be unanimous. Twelve people have to decide. You don't have to be consistent as to the counts, but you have to be unanimous. Do you all understand that? Okay. Thank you. We'll call you back shortly.

That is 12 people have to decide. When you have – 12 people have to decide each count.

Following deliberations, the jury found Petitioner guilty of assault with intent to commit murder, armed robbery, and possession of a firearm during the commission of a felony. The jurors was polled and indicated their agreement with the verdict.

The trial court subsequently sentenced Petitioner to life imprisonment on the assault conviction, a concurrent term of 25 to 50 years imprisonment on the robbery conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.

### III.     Procedural History

Following sentencing, Petitioner, through counsel, filed an appeal as of right with the Michigan Court of Appeals asserting the following claims:

I.   The trial court's denial of a continuance to secure the presence and testimony of two subpoenaed alibi witnesses prevented him from fully presenting his defense and denied him a fair trial.

II.  The trial court erred in instructing the jury on aiding and abetting.

III. The trial court erred in instructing the jury on the unanimity of the verdict.

IV.  The trial court erred in instructing the jury on felony firearm.

V.   The trial court's failure to articulate the reasons for the sentence imposed requires re-sentencing.

Petitioner also raised the following issues in a *pro per* supplemental brief:

I.   Trial counsel was ineffective for failing to object to the erroneous aiding and abetting and felony firearm instructions.

    II.     He was denied his right to a fair trial and due process with the trial court commented on the testimony of the complainant during its charge to the jury.

The Michigan Court of Appeals affirmed Petitioner's convictions, but remanded for articulation of the reasons for the sentence. *People v. Gibbs*, No. 219713, 2001 WL 672175 (Mich. Ct. App. May 11, 2001). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Gibbs*, 465 Mich. 952, 639 N.W.2d 811 (2002). The Michigan Supreme Court also denied reconsideration. *People v. Gibbs*, 465 Mich. 952, 643 N.W.2d 575 (2002).

Petitioner subsequently filed a motion for relief from judgment with the trial court asserting the following claims:

    I.     Trial counsel was ineffective for failing to call defense witnesses.

    II.    Trial counsel was ineffective for failing to object to erroneous and prejudicial jury instructions.

    III.   Appellate counsel was ineffective for failing to raise meritorious issues.

The trial court denied the motion. Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *People v. Gibbs*, No. 253094 (Mich. Ct. App. July 9, 2004). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Gibbs*, 471 Mich. 955, 690 N.W.2d 108 (2004).

Petitioner thereafter filed the present habeas petition, asserting the following claims:

    I.     He was denied his constitutional right to present a complete defense when the trial court denied his request for a continuance to secure the presence and testimony of two alibi witnesses who were in court the previous day.

    II.    The trial court's incorrect jury instructions regarding the jury's unanimity verdict denied him a fair trial.

    III.       The trial court denied him a fair trial by erroneously instructing the jurors on an erroneous definition of felony firearm.

    IV.       The trial judge found that the complainant was "grabbed" during his charge to the jury which denied Petitioner a fair trial and due process of law.

    V.        His trial and appellate counsel were ineffective.

    VI.       The Court should conduct an evidentiary hearing even though the state courts did not.

Respondent has filed an answer to the petition asserting that the claims should be denied as non-cognizable, based upon procedural default, and/or for lack of merit. Petitioner has filed a reply to that answer.

**IV.**    **Analysis**

    **A.**    **Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

6

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of

7

an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**B.     Continuance Claim**

Petitioner first asserts that he is entitled to habeas relief because the trial court denied his request for a continuance to allow him to produce two alibi witnesses, his girlfriend, Bridget Hopson, and a man named Robert Black, and that the trial court's actions violated his right to present a defense. Respondent contends that this claim lacks merit and does not warrant relief.

The right of an accused to present a defense has long been recognized as "a fundamental element of due process." *Washington v. State*, 388 U.S. 14, 19 (1967). However, "a defendant's right to present evidence is not unlimited, but rather is subject to reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). Indeed, "[a] defendant's interest in presenting . . . evidence may thus bow to accommodate other legitimate interests in the criminal trial process." *Id*. (internal quotations omitted). A trial court has broad discretion in determining whether to grant or deny a defendant's motion for a continuance in a criminal case. *See Unger v. Sarafite*, 373 U.S. 575, 589 (1964). "When a denial of a continuance forms the basis of a petition for a writ of habeas corpus, not only must there have been an abuse of discretion but it must have been so arbitrary and fundamentally unfair that it violates constitutional principles of due process." *Bennett v. Scroggy*, 793 F.2d 772, 774-75 (6th Cir. 1986); *see also Morris v. Slatty*, 461 U.S. 1 (1983) (trial court did not abuse its discretion nor impede the right to counsel by denying a continuance to allow for

8

preparation by defense counsel who had been appointed six days before trial after original counsel became ill).

The Michigan Court of Appeals set forth the relevant facts and ruled on this claim as follows:

> In the morning of the second day of the two-day trial, defense counsel notified the court that two of defendant's listed alibi witnesses were not present to testify. Defense counsel stated that both witnesses were served with subpoenas and were present in court the previous morning. Defense counsel excused them believing that their testimony would not be needed until the next morning. They left the courtroom after defense counsel explained that they were on "on-call status" and were expected to reappear the following morning. Defense counsel called them that night to advise them to appear at 9:00 a.m. One witness stated that she had a noon interview, and defense counsel assured her that she would be able to complete her testimony in time to make the appointment. However, neither witness appeared in court the morning of the second day. Defense counsel phoned their house and a third person answered. That person explained that one witness had to go to her job interview early, at 8:00 a.m., and the other witness "was out working on his car somewhere." They left the message that they could be in court 9:00 a.m. the following morning. Defense counsel requested that bench warrants be issued for both witnesses and that the court adjourn until 9:00 a.m. the following morning.
>
> The trial court denied the request for a continuance until the next morning, concluding that it was not required to put the trial on hold for nearly twenty-four hours for the convenience of witnesses that were supposed to be in court that morning and simply chose not to appear. Significantly, the court explained that it would wait a reasonable time for counsel to present the witnesses, but would not adjourn the case an entire day. Counsel did not request that he be permitted to call the house again to seek more specific information regarding the witnesses' whereabouts and that an officer be dispatched to arrest them. Rather, he accepted the court's ruling that it would not grant a full day's adjournment. Under the circumstances, although defendant was advancing his constitutional right to call witnesses in his defense, we find no abuse of discretion in the court's offer to adjourn for a reasonable time, but not for a full day.

*Gibbs*, No. 2001 WL 672175 at *1-2.

Having reviewed the record, this Court finds that the Michigan Court of Appeals' decision in this regard is neither contrary to federal law nor an unreasonable application of the law or the

9

facts. The trial court acted within its discretion in concluding that a full day continuance was not warranted and would inconvenience the court and the jury. The court offered defense counsel some time to locate the witnesses who failed to appear on the second day of trial. Moreover, Petitioner has not established that he was prejudiced by the trial court's decision. He has not presented any evidence, other than his own conclusory statements, regarding the substance of the alleged alibi witnesses' testimony. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief); *Zettlemoyer v. Fulcomer,* 923 F.2d 284, 301 (3rd Cir. 1991) (bald assertions and conclusory allegations do not provide a sufficient basis for an evidentiary hearing in habeas proceedings). Furthermore, Petitioner was not denied the right to present a defense as he was able to present his alibi defense by testifying on his own behalf at trial. Petitioner has not shown that the denial of the request for a full day continuance deprived him of a fair trial. Habeas relief is not warranted on this claim.

### C. Jury Instruction Claims

Petitioner also asserts that he is entitled to habeas relief because the trial court erred in instructing the jury on the unanimity of the verdict and on the felony firearm charge. Respondent contends that these claims are not cognizable upon habeas review. The Court finds that these claims are barred by procedural default and otherwise lack merit.

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991). A petitioner's procedural default in the state courts will preclude federal habeas review if the last state court rendering a judgment in

the case rested its judgment on the procedural default. *Wainwright*, 433 U.S. at 85; *Coleman v. Mitchell,* 244 F.3d 533, 539 (6th Cir. 2001). In such a case, a federal court must determine not only whether a petitioner has failed to comply with state procedures, but also whether the state court relied on the procedural default or, alternatively, chose to waive the procedural bar. "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last *explained* state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id*.

Here, the Michigan Court of Appeals rendered the last reasoned opinion on the jury instruction issues. In dismissing the claims, the court relied upon Petitioner's failure to object at trial. *See Gibbs*, 2001 WL 672175 at *2-3. The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *See People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People v. Stanaway*, 446 Mich. 643, 687, 521 N.W.2d 557 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *See McBee v. Abramajtys*, 929 F.2d

264, 267 (6th Cir. 1991). The Michigan Court of Appeals dismissed these jury instruction claims based upon a procedural default – the failure to object at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner alleges ineffective assistance of counsel as cause to excuse his default. Even assuming that Petitioner could establish that counsel erred, however, he cannot establish prejudice. In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned; rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). If an instruction is ambiguous and not necessarily erroneous, it violates the Constitution only if there is a reasonable likelihood that the jury has applied the instruction improperly. *See Binder v. Stegall*, 198 F.3d 177, 179 (6th Cir. 1999). A jury instruction is not to be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial court record. *See Grant v. Rivers*, 920 F. Supp. 769, 784 (E.D. Mich. 1996). State law instructional errors rarely form the basis for federal habeas corpus relief. *Estelle*, 502 U.S. at 71-72.

The Michigan Court of Appeals found no plain error with respect to either of these claims, stating in relevant part:

> Defendant next contends that the trial court erred by failing to instruct the jury that its verdict on all three counts must be unanimous. Criminal defendants are guaranteed the right to a unanimous verdict under the Michigan Constitution. *People v Gadomski*, 232 Mich App 24, 30; 592 NW2d 75 (1998); *People v Quinn*,

> 219 Mich App 571, 576; 557 NW2d 151 (1996); Const 1963, art 1, § 14. To protect a defendant's right to a unanimous verdict, it is the duty of the trial court to properly instruct the jury regarding the unanimity requirement. *People v Smielewski*, 235 Mich App 196, 201; 596 NW2d 636 (1999), citing *People v Cooks*, 446 Mich 503, 511; 521 NW2d 275 (1994).
>
> In our view, the trial court properly protected defendant's right to a unanimous verdict by instructing the jury that the verdict on all three counts must be unanimous. The trial court's use of the word "decide" rather than "agree" is not grounds for reversal where the jury was polled and each member clearly indicated agreement with the verdicts on all three counts. Where the trial court instructs the jury regarding the requirement of unanimity, and a unanimous verdict is returned, the defendant's rights have not been violated. *People v Johnson*, 187 Mich App 621, 630; 468 NW2d 307 (1991).
>
> Defendant next argues that the trial court further erred in its instructions on the offense of felony-firearm because it failed to specifically define the term firearm. We disagree.
>
> To prove the offense of felony-firearm, the prosecution must prove that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony. *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999); *People v Davis*, 216 Mich App 47, 53; 549 NW2d 1 (1996). A firearm is defined as any weapon from which a dangerous projectile may be propelled by using explosives, gas, or air as a means of propulsion. *People v Brooks*, 135 Mich App 193, 195; 353 NW2d 118 (1984).
>
> It is not incumbent on a trial court to define the term "firearm" in a felony-firearm instruction where there has been no dispute that the object in question is a firearm. *People v Hunt*, 120 Mich App 736, 742; 327 NW2d 547 (1982). In the instant case, it was undisputed that the victim suffered a gunshot wound to the pelvic region after her struggle with defendant. Furthermore, although the definition of firearm is included in CJI2d 11.34(7), the use of these instructions is not mandatory. *People v Stephan*, 241 Mich App 482, 495 n 10; 616 NW2d 188 (2000). Consequently, there was no error.

*Gibbs*, 2001 WL 672175 at *2-3.

Having reviewed the matter, this Court agrees and finds that the Michigan Court of Appeals' determination is consistent with United States Supreme Court precedent and constitutes a reasonable application of federal law and the facts. First, Petitioner cannot establish that the

13

unanimity instruction rendered his trial fundamentally unfair. The instruction, while not particularly clear, indicates that the verdict must be unanimous on each count as a matter of state law. Additionally, Petitioner cannot establish that he was prejudiced by the alleged error as the jurors were polled and indicated their agreement with the verdict. Further, while Michigan law provides a right to a unanimous verdict in criminal cases, there is no federal constitutional right to a unanimous verdict in criminal cases. *See Apodaca v. Oregon*, 406 U.S. 404, 406 (1972) (state court conviction of crime by less than unanimous jury does not violate Sixth Amendment right to trial by jury). Petitioner has failed to show that the unanimity instruction violated state law or was fundamentally unfair.

Second, Petitioner cannot establish that the felony firearm instruction was improper or rendered his trial fundamentally unfair. The trial court correctly instructed the jury on the elements of felony firearm and was not required to instruct the jury on the definition of a firearm as a matter of state law. Moreover, such an instruction was unnecessary where it was undisputed that the victim suffered a gunshot wound and the type of weapon was not an issue. Petitioner has not shown that the jury instructions, as a whole, rendered his trial fundamentally unfair.

Lastly, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995); *Murray*, 477 U.S. at 496. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts,

or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. His jury instruction claims are thus barred by procedural default, otherwise lack merit, and do not warrant habeas relief.

### D.     Judicial Misconduct Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court improperly commented on the evidence by stating that the victim was "grabbed" during the charge to the jury, thereby denying him a fair trial. Respondent contends that this claim is barred by procedural default and does not warrant habeas relief. The Michigan Court of Appeals did not address the issue of procedural default. Accordingly, the Court will address the merits of this claim.

The Due Process Clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or an interest in the outcome of the case. *See Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997). Judicial misconduct claims involve two types of cases. One group addresses charges of "judicial bias" stemming from a trial judge's "personal interest" in the outcome of a case, usually derived from some extrajudicial association with the cause or with one of the parties. *See In re Murchison*, 349 U.S. 133, 136 (1955). The second group concerns charges of "judicial misconduct" in which the trial judge is accused of conducting the proceedings in a manner which strongly suggests to the jury that the judge disbelieves the defendant's case or otherwise favors the prosecution. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994); *see also Alley v. Bell*, 307 F.3d 380, 386 (6th Cir. 2002), *cert. den.* 124 S. Ct. 99 (2003). To violate a defendant's right to a fair trial, a trial judge's intervention in the trial must be significant and must be adverse to the defendant to a substantial degree. *See McBee v. Grant*, 763

F.2d 811, 818 (6th Cir. 1985); *see also Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995) (state trial judge's behavior must render the trial fundamentally unfair to warrant habeas relief).

The Michigan Court of Appeals denied relief on this claim, stating:

> Defendant also contends that the trial court improperly commented on the evidence when instructing the jury. Our Legislature has vested trial courts with the discretion to "... make such comment on the evidence, the testimony and character of any witnesses, as in his opinion the interests of justice may require."  MCL 768.29; MSA 28.1052; *People v Ward*, 381 Mich 624, 628; 166 NW2d 451 (1969). A trial court pierces the veil of impartiality in a manner that requires reversal when its comments are of a nature that unduly influence the jury and thereby deprive a defendant of his right to a fair trial. *People v Hampton*, 237 Mich App 143, 155; 603 NW2d 270 (1999); *People v Johnson*, 174 Mich App 108, 114; 435 NW2d 465 (1989). After a review of the record, we conclude that the trial court's statement regarding the victim's testimony was a proper comment on the undisputed evidence adduced at trial.

*Gibbs*, 2001 WL 672175 at *3.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. The trial court did not direct the jury to find that an assault occurred, but merely noted that there was testimony that the victim was grabbed. Nonetheless, even if the trial court erred, the court's comment was neither substantial nor prejudicial to Petitioner to a substantial degree. The victim's testimony that she was grabbed was undisputed. Moreover, whether the victim was grabbed was not particularly relevant given the evidence that she was shot and the fact that the main issue at trial was the assailant's identity. Petitioner has failed to demonstrate that the trial court acted improperly and/or that he was prejudiced by the court's actions. Habeas relief is not warranted on this claim.

### E.    Ineffective Assistance of Counsel Claims

Petitioner also asserts that he is entitled to habeas relief because trial and appellate counsel were ineffective. Petitioner contends that trial counsel was ineffective for failing to object to the

alleged instructional errors and judicial misconduct at trial and that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness and the trial court's misconduct as issues on direct appeal. Respondent contends that these claims lack merit.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result."

*McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Citing the *Strickland* standard, the Michigan Court of Appeals denied relief on this claim finding that Petitioner failed to meet his burden of establishing that he was prejudiced by trial counsel's alleged errors. *See Gibbs*, 2001 WL 672175 at *3. This decision is neither contrary to *Strickland* nor an unreasonable application of the law or the facts. Petitioner cannot establish that trial counsel was deficient and/or that he was prejudiced by counsel's conduct given the Court's determination that Petitioner's underlying habeas claims lack merit.

Similarly, Petitioner cannot establish that appellate counsel was ineffective given the Michigan Court of Appeals' determination and this Court's determination that his underlying habeas claims lack merit. Habeas relief is therefore not warranted on the ineffective assistance of counsel claims.

### F. Evidentiary Hearing Claim

Lastly, Petitioner asserts that he is entitled to an evidentiary hearing on his habeas claims. The state court's decision that Petitioner was not entitled to an evidentiary hearing under Michigan law is not subject to federal habeas review. *See, e.g., Estelle*, 502 U.S. at 67-68. Further, given the Court's determination that the foregoing claims are without merit, Petitioner has not established that an evidentiary hearing is warranted in this case.

### V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.

                                            s/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated: October 2, 2006

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 2, 2006.

                                            s/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290