UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY L. GIBBS,

        Petitioner,

                                                                                CASE NO. 05-CV-71378-DT
v.                                                                        HONORABLE LAWRENCE P. ZATKOFF

ANDREW JACKSON,

        Respondent.
_____/

## ORDER DENYING MOTIONS FOR A CERTIFICATE OF APPEALABILITY AND FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Petitioner has filed a motion for a certificate of appealability and a motion for leave to proceed on appeal *in forma paueris* concerning this Court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying

1

this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Petitioner's habeas claims concern the denial of a continuance and his right to present a defense, the jury instructions, judicial misconduct, the effectiveness of trial and appellate counsel, and his right to an evidentiary hearing.

As to the continuance denial/right to present a defense claim, the record reveals that the trial court did not abuse its discretion in allowing defense counsel some time to locate alleged alibi witnesses but denying a full day continuance. Further, Petitioner has not shown that he was prejudiced by the trial court's decision. He has not presented those witnesses' testimony, and he testified at trial regarding his alibi defense. Petitioner has not made a substantial showing of the denial of a constitutional right as to this claim.

Petitioner's jury instruction claims are barred by procedural default as he failed to object to such matters at trial and failed to establish cause and prejudice or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *see also Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). Moreover, the jury instructions did not render the trial fundamentally unfair. Petitioner has not shown that reasonable jurists would find this Court's procedural ruling debatable, nor has he made a substantial showing of the denial of a constitutional rights as to these claims.

As to the judicial misconduct claim, Petitioner has not shown that the trial judge's comment that testimony indicated that the victim was grabbed was significant or that it was adverse to the

defense to a substantial degree.  *See McBee v. Grant*, 763 F.2d 811, 818 (6th Cir. 1985); *see also Liteky v. United States*, 510 U.S. 540, 555-56 (1994).  The testimony was undisputed that the victim was shot and the issue at trial was the assailant's identity.  Petitioner has not made a substantial showing of the denial of a constitutional right as to this claim.

As to the ineffective assistance of counsel claims, Petitioner cannot establish that trial or appellate counsel were deficient and/or that he was prejudiced by counsels' conduct given the Michigan Court of Appeals' determination and this Court's determination that his underlying habeas claims lack merit.  *See Strickland v. Washington,* 466 U.S. 668, 687-90 (1984).  Petitioner has not made a substantial showing of the denial of a constitutional right as to these claims.

Lastly, the state court's decision that Petitioner was not entitled to an evidentiary hearing under state law is not subject to federal habeas review.  *See, e.g., Estelle v. McGuire*, 502 U.S.  62, 67-68 (1991).  Further, given the Court's determination that his habeas claims lack merit, Petitioner has not established that an evidentiary hearing is warranted in this case.

The Court thus concludes that Petitioner has not made a substantial showing of the denial of a constitutional right concerning his habeas claims, nor has he shown that reasonable jurists would find the Court's procedural rulings debatable.  Accordingly, the Court **DENIES** Petitioner's motion for a certificate of appealability.  Given this determination, the Court also **DENIES** Petitioner's motion for leave to proceed on appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

      s/Lawrence P. Zatkoff
      LAWRENCE P. ZATKOFF
      UNITED STATES DISTRICT JUDGE

Dated:  October 30, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 30, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290
